IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-111-1FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOSE GUADALUPE MIRANDA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reduce sentence to home confinement or for compassionate release, (DE 49). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On May 22, 2018, the court sentenced defendant to 60 months imprisonment following his conviction for conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Defendant did not appeal his judgment of conviction. On April 23, 2020, defendant filed the instant motion to reduce sentence to home confinement or for compassionate release. Defendant argues the court should reduce his sentence based on defendant's risk of contracting the communicable disease known as COVID-19. Defendant states that he is sixty-seven years old and suffers from hypertension, and that these conditions place him at greater risk of complications if he contracts COVID-19.

## DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the

court to reduce a sentence in extraordinary circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Indeed, the motion fails to even mention the administrative exhaustion requirement. The court cannot excuse the exhaustion requirement, even to take into account the COVID-19 pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."). In these circumstances, the Federal Bureau of Prisons ("FBOP") is better positioned to determine in the first instance whether defendant's medical conditions justify compassionate release, home confinement, or similar relief.

To the extent defendant seeks a court order directing the FBOP to place him on home confinement, the court lacks authority to grant such relief. The FBOP has exclusive authority to determine an inmate's place of imprisonment, including home confinement, and placement

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

2

decisions are "not reviewable by any court." <u>See</u> 18 U.S.C. § 3621(b); <u>United States v. Caudle</u>, 740 F. App'x 364, 365 (4th Cir. 2018).

## CONCLUSION

Based upon the foregoing, defendant's motion to reduce sentence to home confinement or for compassionate release, (DE 49), is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 14th day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 7:17-cr-00111-FL   Document 50   Filed 05/14/20   Page 3 of 3